UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONTELON, | ) | CASE NO: 1:10-cv-1918 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| CITY OF LORAINE *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | Doc. Nos. 44, 45, 48 |

This case is before the undersigned United States Magistrate Judge upon referral to resolve a discovery dispute. (Order 10/14/11.) Plaintiff wishes to depose Mr. Dennis P. Will, Lorain County Prosecutor, in relation to this case. Mr. Will, who is not a party to this case, and Defendants oppose. (Doc. Nos. 44, 45, 48.) For the following reasons, Plaintiff may depose Mr. Will in the limited fashion as set forth below.

**I.**

Plaintiff claims that Defendants violated his First and Fourth Amendment rights when they searched his home upon issuance of a warrant to determine whether he was the author of certain anonymous and allegedly threatening letters. (Doc. No. 1.) On May 13, 2011, the Court issued a case management order that limited fact discovery to the issue of qualified immunity and set dates for dispositive motions on that issue. (Doc. No.

30.) On September 29, 2011, Mr. Will, who is not a party to this case, filed a motion for a protective order (Doc. No. 44) and a motion to quash a subpoena issued by Plaintiff commanding Mr. Will to appear for deposition (Doc. No. 45). On October 14, 2011, the matter was referred to the undersigned United States Magistrate Judge. (Order 10/14/11.) On October 17, 2011, the Court held a telephone conference to address the discovery dispute and required the parties to brief the issue. (Doc. No. 47.) On October 21, 2011, Mr. Will and Defendants filed a joint motion to quash and for a protective order. (Doc. No. 48.) On October 26, 2011, Plaintiff filed his response in opposition. (Doc. No. 49.)

**II.**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, Fed. R. Civ. P. 26(b)(1), and relevancy under Rule 26 is broadly construed, *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (6th Cir. 1993). Rule 26 governs discovery of persons not parties to the underlying litigation. *Katz*, 984 F.2d at 424.

Plaintiff claims that Defendants' search of his home was unconstitutional because the warrant upon which the defendant law enforcement officers relied was not based on probable cause; and Plaintiff contends that the warrant was not based on probable cause because the affidavit underlying the warrant contained material false statements that the defendant law enforcement officers either knew were false or recklessly disregarded. (Pl.'s Opp'n 6-7, citing *Franks v. Delaware*, 438 U.S. 154 (1978).) Plaintiff wishes to depose Mr. Will because Mr. Will allegedly played a key role in obtaining the warrant that was used to search Plaintiff's home and, therefore, has relevant information regarding the statements in

2

the affidavit. (Pl.'s Opp'n 1.) Mr. Will and Defendants contend, however, that Mr. Will's testimony is not relevant to Plaintiff's Fourth Amendment claim and the issue of qualified immunity, and that the scope of Plaintiff's proposed deposition inquiry is overbroad and outside the scope of limited discovery regarding qualified immunity. (Def.'s Br., Doc. No. 48-1, at 6.)

"The qualified immunity analysis 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Baker v. City of Hamilton*, 471 F.3d 601, 605 (6th Cir. 2006) (quoting *Saucier* v. Katz, 533 U.S. 194, 201 (2001)). A party challenging the veracity of an affidavit underlying a search warrant must allege deliberate falsehoods or reckless disregard for the truth, and make an offering of proof. *Franks*, 438 U.S. at 171. Plaintiff alleged in response to interrogatories that the following statements in the affidavit at issue here are false:

- "The following offenses have occurred, to wit: 2903.21, 2903.211."

- "After receiving information from LPD Chief Cel Rivera regarding threatening anonymous letters he and other public officials were receiving in the mails."

- "The letters were clearly a pattern of conduct meant to cause Rivera emotional distress."

- "Montelon was extremely disgruntled subsequent to his termination from the Department."

(Pl.'s Opp'n 7.) Mr. Will and Defendants do not dispute that Mr. Will assigned certain law enforcement officers to investigate Plaintiff, reviewed the information gathered in the investigation, and gave an opinion regarding which criminal offenses the information implicated. (Def.'s Br. 8.)

The Court finds that, because there does not appear to be a genuine dispute that

3

Mr. Will worked closely with the defendant law enforcement officers to obtain the warrant to search Plaintiff's home, limited aspects of Mr. Will's testimony would be relevant to Plaintiff's Fourth Amendment claim and Defendants' qualified immunity defense. Therefore, the deposition of Mr. Will shall proceed on limited matters pertaining to qualified immunity including the veracity of the statements Plaintiff alleges were false. A person's non-party status may be considered in determining whether discovery of that person should be denied for being unduly burdensome, *Katz*, 984 F.2d at 424, but the Court finds that the limited nature of Mr. Will's deposition testimony adequately ameliorates any undue burdens on Mr. Will in this case.

The deposition of Mr. Will shall take place at a time and place convenient to Mr. Will and the parties; however, at Mr. Will's or Defendants' election, the deposition may take place before the undersigned United States Magistrate Judge in chambers and may be so scheduled by contacting Wanda Golden, the courtroom Deputy Clerk, at (216) 357-7130.

**III.**

For the foregoing reasons, Mr. Will's and Defendants' joint motion to quash and for a protective order (Doc. No. 48) is denied, and Mr. Will's motions for a protective order (Doc. No. 44) and to quash (Doc. No. 45) are denied as moot.

**IT IS SO ORDERED.**

s/*Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE

Date: October 27, 2011